## No. 6793.
### First Circuit Appeal.

---

## LEO WITKOWSKI v. ALLEN CLOUD. GEORGE N. MAYO, Intervenor and 3rd Opponent.

---

(December 30, 1924, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Fraud—Par. 5; Fraudulent Conveyances—Par. 26, 27; Landlord and Tenant—Par. 99; Sales—Par. 185, 189.**

In this case the lessee clandestinely, and. without the knowledge or consent of the lessor, removed the barber chairs, etc., from the leased premises and sold them to a third person. The landlord procured a provisional seizure on the barber chairs, etc., and the pretended purchaser of them intervened, claiming the ownership. Held, that the pretended sale was fictitious, fraudulent, and simulated because the. intervenor had knowledge of the insolvent condition of the lessee, and it was made for the purpose of defeating the

rights of the landlord. The intervenor was made to pay for the value of the property taken.

(Civil Code, Art. 2705 and Code of Practice, Articles 285 and 288. Editor's note.)

Appeal from the 18th Judicial District, Parish of Lafayette, Hon. W. W. Bailey, Judge.

This is a suit coupled with a provisional seizure to recover payment for rent. The intervenor and third opponent claimed title to the property. There was judgment for the plaintiff and intervenor appealed.

Judgment affirmed.

Defendant did not appear.

MOUTON, J., recused.

Mouton & DeBaillon, of Lafayette, attorneys for plaintiff, appellee.

Voorhies & Labbee, attorneys for defendant, appellant.

ELLIOTT, J. The record shows that plaintiff, Leo Witkowski, alleging that his lessee, Allen Cloud, had clandestinely, surreptiously, and without his knowledge or consent, removed from the leased premises barber chairs, mirrors, and other fixtures and furniture in the barber shop on which he had a right of pledge and privilege as lessor, for the purpose of defeating his privilege and pledge thereon, and abandoned the leased premises in violation of the contract of lease, which had not expired, and his obligations as lessee, brought suit against Cloud and sued out a provisional seizure, under which the sheriff seized certain property as belonging to Cloud.

The record shows that Cloud did not make any defense, but George N. Mayo intervened, opposed the seizure and sought the release of the property on the ground that he had bought same from Cloud and was in possession of the same.

Plaintiff, in answer to Mayo's intervention and opposition, denied that he was the owner of the property which had been removed from the barber shop, alleged that his title thereto was fictitious, fraudulent and simulated; that Cloud was insolvent at the time the property was removed, to the knowledge of Mayo, and that his pretended purchase of same from Cloud was the result of a fraudulent combination with Cloud to defeat plaintiff's recourse on his property; and that the property was removed from the leased premises by Cloud and Mayo pursuant to and as the result of a conspiracy between them, the object and purpose of which was to defeat plaintiff's pledge and privilege, as lessor of Cloud, on the property removed.

That the sheriff had been able to seize only part of the property that had been removed from the barber shop, that the whereabouts of the property not seized was unknown to petitioner and he prayed that intervenor and 3rd opponent be required to pay its value, alleged to be $350.00. He prayed for judgment against Mayo, intervenor and 3rd opponent, rejecting his demands as to the property seized and condemning him to pay the value of that which the sheriff had been unable to seize.

The district judge, after hearing the testimony, rendered judgment in favor of plaintiff, Leo Witkowski, as prayed for.

He condemned Mayo to pay the value of the property which the sheriff did not seize, admitted to be worth $350.00.

George N. Mayo, intervenor and 3rd opponent, has appealed.

The district judge did not render written reasons for his judgment, but he could not have decided as he did except that he regarded all the plaintiff's allegations against Cloud and Mayo as established by the evidence. Our examination of the

record, pleadings, evidence, briefs lead us to the same conclusion on the facts of the case.

We are satisfied from the evidence adduced on the trial that the pretended sale from Cloud to Mayo was a fraudulent simulation, that the property in Cloud's barber shop was removed therefrom, as alleged by plaintiff, pursuant to and as the result of a conspiracy between Cloud and Mayo, the object and purpose of which was to deprive plaintiff, Witkowski, who was Cloud's lessor, of his recourse on said property.

Intervenor and 3rd opponent complains of the judgment which requires him to pay $350.00 for the property which the sheriff failed to seize, urging that it is in a back room of the place where the other property was found.

That may be true, but the evidence convinces us that Intervenor and 3rd opponent engaged in an illegal and wrongful enterprise when he removed the property from the leased premises to his own place, and we are not sure that the property is where he claims it is, and it is nothing but fair and right that he pay what he admits that it is worth $350.00, all as decided by the lower court.

The judgment appealed from does justice and is, therefore, right, and must be affirmed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby affirmed, that intervenor and 3rd opponent, appellant, pay the cost of the appeal herein.

Julian Mouton, J., recused.